

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 19 2001

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE FRY,

    Plaintiff,

v.    No. CIV-00-0398 M/WWD

GARY E. JOHNSON, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a number of motions to dismiss (Doc. #19, #26, #28, #38, and #40) filed by various Defendants. Plaintiff is a New Mexico state prisoner. For the reasons below, the first motion filed will be granted, and Plaintiff's complaint will be dismissed without prejudice.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was subjected to excessive force at Wallens Ridge. He asserts his transfer violated federal and state constitutional rights of due process and equal protection. Count 2 claims the harsh conditions during and after transfer violated federal and state constitutional protections against cruel and unusual punishment. Count 3 asserts that Plaintiff was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 again asserts an equal protection violation based on disparate treatment of Plaintiff, and Count 5 claims Defendants conspired to violate Plaintiff's various constitutional protections. Count 6 claims that "an Interstate Compact" was violated by the transfer and by related conditions of Plaintiff's confinement. In Count 7 Plaintiff asserts claims based

44

on respondeat superior liability, and Count 8 claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

The motion to dismiss filed by the Virginia Defendants and the first motion to dismiss filed by the New Mexico Defendants seek dismissal of all claims for failure to exhaust administrative remedies. Plaintiff did not file a response to the New Mexico Defendants' motion; this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.5(b).

The threshold issue raised in Defendants' motions to dismiss is the effect of the exhaustion requirement under 42 U.S.C. § 1997e(a). As stated by Defendants, Plaintiff's complaint contains no allegations regarding exhaustion. In response to the Virginia Defendants' motion, Plaintiff argues that the exhaustion requirement in § 1997e(a) is not jurisdictional. Even so, the Supreme Court recently ruled that exhaustion is required in all inmate cases. *Booth v. Churner*, 531 U.S. 956, ---, 121 S.Ct. 1819, 1825 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The result is unavoidable: Plaintiff's claims against all Defendants must be dismissed without prejudice for failure to exhaust administrative remedies. *Booth*, 531 U.S. at ---, 121 S.Ct. at 1822; *see also Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000), *cert. denied, Harris v. Garner*, --- U.S. ---,121 S.Ct. 2214 (2001).

IT IS THEREFORE ORDERED that the Virginia Defendants' Motion to Dismiss (Doc. #19) and the New Mexico Defendants' Motion to Dismiss I (Doc. #26)are GRANTED; Plaintiff's complaint will be DISMISSED without prejudice; all other pending motions are DENIED as moot; and judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

2